UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

LORYNN D. SERNA,

    Plaintiff,

v.                                                                          Civ. No. 16-1176 GJF

NANCY A. BERRYHILL, *Acting Commissioner of the Social Security Administration*,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Plaintiff's "Opposed Motion for Equal Access to Justice Award of Attorney's Fees and Costs" ("Motion"), filed on February 13, 2018. ECF No. 27. The Commissioner responded on February 27, 2018. ECF No. 38. Plaintiff did not reply. Plaintiff's counsel moves the Court for an award of $12,312.50 in attorney fees and $413.61 for costs under EAJA. Pl.'s Mot. 2-3, ECF No. 27. Having reviewed the record, the briefing, and relevant law, the Court finds that the Motion should be **GRANTED IN PART** and **DENIED IN PART**.

**I.  STANDARD OF REVIEW**

The Equal Access to Justice Act ("EAJA") provides for an award of attorney fees to a plaintiff when: (1) she is a prevailing party, (2) the position of the United States was not substantially justified, and (3) no special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). However, the fees awarded should in all cases be "reasonable." *Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990); *Hackett*, 475 F.3d at 1168. "[O]nce the determination has been made that the government's position was not substantially justified, then the court should determine what fee is merited for

1

all aspects of the litigation that deal with creating a benefit to the claimant." *Gallaway v. Astrue*, 297 F. App'x 807, 809 (10th Cir. 2008) (unpublished) (citing *Jean*, 496 U.S. at 161). Determining the reasonableness of the number of hours billed lies within the Court's discretion. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (interpreting attorney fees request under 42 U.S.C. § 1988); *see also Jean*, 496 U.S. at 161 (explaining that once a litigant has established eligibility for fees under the EAJA, "the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*").

## II. ANALYSIS

"In awarding fees under the EAJA, [courts] have a special responsibility to ensure that taxpayers are required to reimburse prevailing parties for only those fees and expenses actually needed to achieve the favorable result." *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 975 (D.C. Cir. 2004). The Tenth Circuit recognizes that attorneys typically do not bill a client for every hour expended in litigation, and they should exercise "billing judgment" regarding the amount of hours actually billed. *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998) (citing *Hensley*, 461 U.S. at 437). To show appropriate billing judgment, an attorney should make a good-faith effort to exclude those hours from the request that are excessive, redundant, or otherwise unnecessary. *Id.* The Court has a corresponding obligation to exclude hours "not reasonably expended" from the calculation. *Id.* The Tenth Circuit has directed the district courts to approach this reasonableness inquiry "much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quoting *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983)).

A.     The Parties' Positions

In this case, Plaintiff's counsel requests $12,312.50[1] for 62.5 hours of work total, of which 3 hours were completed in 2016 at $192 per hour, and 59.5 hours were completed in 2017 and 2018 at $197 per hour. Pl.'s Mot. Ex. 1 at 1-3. The figure does not include an additional $413.61 that Plaintiff seeks for reimbursement of this case's filing fee and for service of process upon Defendant by certified mail. *Id.* at 2. "[I]n order to avoid a potential appearance of ove[rr]eaching," Plaintiff's counsel has volunteered to reduce her fees by fifteen percent, resulting in a final request for $10,633.07 in attorney fees. *Id.* at 2-3.

The Commissioner responds that "62.5 hours of attorney time" in this case "is excessive and unreasonable." Def.'s Resp. 3, ECF No. 28. She notes that Plaintiff has asked for 43.25 hours of fees for her initial brief, but emphasizes that the brief raised "only routine issues." *Id.* The Commissioner advances a similar argument concerning Plaintiff's reply brief, for which Plaintiff has asked for 14 hours of attorney fees.[2] *Id.* Generally, the Commissioner argues that "[t]here was nothing out of the ordinary or especially complicated about any of Plaintiff's arguments that would set this case aside from any other Social Security disability appeal." *Id.*

B.     The Attorney Fees in This Case Should Be Reduced

The Court concurs with the Commissioner that the instant request is both unreasonable and excessive. The Court begins by noting that of the eighteen EAJA fee requests it has received in the last two years, the two highest have been from Plaintiff's counsel. Of the total of fourteen EAJA fee requests submitted by attorneys other than Plaintiff's counsel, the average time request

---

[1] Plaintiff's counsel concludes that all 62.5 hours should be billed at the 2017-18 rate of $197 per hour, *see* Pl.'s Mot. Ex. 1 at 3, ECF No. 27, but she apparently fails to consider that the first three hours of her work occurred in 2016. That error led Plaintiff to request $12,312.50, but based on the correct yearly pay rates, the amount would be $12,297.50. *See id.*

[2] Here, the Commissioner refers to the dispositive briefing in the case, rather than the briefs presently before the Court.

has been 29.5 hours, while the maximum time request has been for 36.5 hours of attorney time. Among this group, the average EAJA fee sought was $4,756.11, and the maximum fee request was $6,847.73. Plaintiff's counsel, on the other hand, has submitted four EAJA fee motions to this Court, two of which were stipulated and devoid of enumerated hours, and two of which sought 53.1 and 62.5 hours respectively. The average of Plaintiff's four requests has been $8,292.62 in EAJA fees, and her maximum request - now before the Court - is an extraordinary $12,312.50. Thus, Plaintiff's counsel has not only sought higher EAJA fees than any other practitioner before this Court, but indeed, seeks on average, *74 percent more EAJA fees than her colleagues*. And the Court is aware that Plaintiff has been put on notice by several judges in the District of New Mexico that her billing practices result in excessive, unreasonable, or impermissible fees. *See, e.g., Rodriguez v. Berryhill*, No. 15-CV-985 WPL, 2017 WL 3278944 (D.N.M. Aug. 1, 2017) (finding attorney fee request excessive and unreasonable, and reducing attorney fees from a request of $9,292.80 to an award of $6220.80); *Martinez v. Colvin*, No. 15-CV-806 LF, 2016 WL 9774938 (D.N.M. Nov. 30, 2016) (same finding, and reducing fees from a $10,917.50 request to a $7,923.50 award); *Villalobos v. Colvin*, 15-CV-463 CG, 2016 WL 10179289 (D.N.M. July 12, 2016) (reducing fees from a $9,112.90 request to an $8,145.50 award based on counsel's billing for clerical work, and comprehensively documenting the *repeated* occasions where counsel has been admonished for doing the same by other judges in the district); *Montoya v. Colvin*, 14-CV-836 LH/SMV, 2015 WL 13651170, at *3 (D.N.M. Dec. 16, 2015), *report and recommendation adopted*, 14-CV-836, 2016 WL 10592306 (D.N.M. Jan. 11, 2016) (finding attorney fee request excessive and unreasonable, and recommending a reduction in attorney fees from a request of $16,101.70 to an award of $10,395.00).

After reviewing counsel's "Declaration of Time for EAJA Application" ("Declaration") the Court finds that fee reduction is warranted in three categories: (1) clerical work; (2) frivolous work executed in opposition to this Court's Order; and (3) excessive fees. The Court will address each in turn.

### 1. Clerical work

No award is appropriate for clerical work. *Dalles Irrigation Dist. v. United States*, 91 Fed. Cl. 689, 708 (2010) ("[T]he filing of pleadings is considered clerical work" and is not compensable under EAJA); *see Gatson v. Bowen*, 854 F.2d 379, 381 (10th Cir. 1988) (remanding EAJA fees petition and noting the distinction between work that is "clerical rather than legal"); *Sorenson v. Concannon*, 161 F. Supp. 2d 1164, 1168-69 (D. Or. 2001) (reducing EAJA fees request for work that was "purely clerical in nature"). Below is a table listing three entries that qualify as clerical. The Court has included the amount of hours counsel billed ("Claimed") and the corresponding permissible fee award ("Compensable"). The total reduction in time is 0.35 hours. *See* Pl.'s Mot. Ex. A at 2-3.

| Date | Services Provided | Claimed | Compensable |
|---|---|---|---|
| 01/17/17 | Communication re motion, note order granting motion to extend | 0.1 | 0 |
| 05/26/17 | Review docket, rev file, prepare and submit notice of briefing complete | 0.25 | 0 |

### 2. Frivolous work

Next, the Court must reduce counsel's request based on work expended in violation of this Court's Order. On March 9, 2017, *the day before* Plaintiff's Motion to Remand was due, Plaintiff filed two motions seeking an extension of the page limit imposed by the Local Rules of Civil Procedure. ECF Nos. 13, 14. *See* D.N.M.LR-Civ. 7.5 ("the combined length of a motion

and supporting brief[ ] must not exceed twenty-seven (27) double-spaced pages"). The Court denied the motions [ECF Nos. 15, 16], but Plaintiff persisted in filing a motion and separate memorandum in support that were a combined 33 pages.

The Court struck the offending documents and allowed Plaintiff to file her consolidated and compliant Motion to Remand on March 13, 2017. *See* ECF No. 20. Throughout that process, Plaintiff's counsel edited and filed her original motion and memorandum in support in a manner that violated this Court's Order, and subsequently expended time consolidating and editing the two documents down to a size that complied with the Local Rules. Clearly, efforts expended on edits that violated this Court's Order, and the subsequent edits counsel undertook to correct her disregard for the same, cannot be said to be reasonable. Excluding these unreasonable hours results in a reduction of 7.25 hours. *See* Pl.'s Mot. Ex. A at 2-3.

| Date | Services Provided | Claimed | Compensable |
|---|---|---|---|
| 2/24/17 | Edit brief | 3.0 | 0 |
| 3/2/17 | Edit | 1.5 | 0 |
| 3/10/17 | Final edit of brief | 0.75 | 0 |
| 3/10/17 | Write Motion for Remand | 0.5 | 0 |
| 3/11/17 | Severe edit of brief | 1.5 | 0 |

### 3. Excessive fees

The Court has an affirmative obligation to exclude hours "not reasonably expended" from the calculation of attorney fees. *See Ellis*, 163 F.2d at 1202. The applicant bears the burden of establishing entitlement to an attorney fee award, documenting the appropriate hours expended, and showing that the hours are reasonable. *See Hensley*, 461 U.S. at 433. Essentially, this

means that the applicant must "prove and establish the reasonableness of each dollar, each hour, above zero." *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (internal quotation marks omitted) (interpreting attorney fee requests under § 1988). Here, the Court has found several entries that trigger its obligation to exclude.

First, the Court will eliminate an entry billed by counsel on May 25, 2017, as "rewrite brief." Pl.'s Mot. Ex. A at 3. Having already expended an atypical 11.75 hours on Plaintiff's Reply, the Court finds this "rewriting" of the Reply to be excessive. Therefore, the Court will eliminate this entry, resulting in a reduction of 2.5 hours.

Next, the Court will reduce the entry of January 5, 2017, which counsel labels as "[r]eview answer for unusual defense." *Id.*, Ex A. at 1. In this instance, counsel seeks 0.5 hours compensation for reviewing a three page document, whose last page consists only of a signature block and certificate of service. *See id.*; Def.'s Answer 1-3, ECF No. 6. In its two substantive pages, the Court was able to ascertain whether or not an unusual defense existed in less than a minute. The Court can expect no less from a seasoned social security law practitioner, and therefore, will reduce this excessive entry from 0.5 to 0.1 hours, resulting in a reduction of 0.4 hours.

Lastly, the Court must reduce the excessive fee counsel seeks for drafting her motion and memorandum in support. The Commissioner correctly observes that "Plaintiff's attorney spent 43.25 hours drafting" her opening brief, and yet, "raised only routine issues." Def.'s Resp. 3. She also accurately notes that the Court remanded on only one of those routine issues - that the administrative law judge ("ALJ") had not properly evaluated the medical opinion of Dr. Maureen McAndrews, Ph.D. *Id.* at 4. And despite expending an extraordinary amount of time developing arguments for remand, Plaintiff's counsel was still unable to accurately frame *why* the ALJ's

failure to evaluate Dr. McAndrews's opinion necessitated remand. This Court observed as much, lamenting that Plaintiff asked the Court "to accord controlling weight to Dr. McAndrews's opinion under the treating physician rule while ignoring the fact – demonstrated by the record – that Dr. McAndrews *never* treated Plaintiff." Order, Nov. 29, 2017, at 16, ECF No. 25.

Despite more than forty hours of researching and drafting her initial brief - five of which were dedicated to reviewing the administrative record - Plaintiff's counsel was unable to comprehend that Dr. McAndrews had not treated Plaintiff. In fact, Plaintiff's counsel unequivocally claimed that Dr. McAndrews "[was] a treating source," and argued that she was "entitled to the greatest weight, if not controlling weight, of the opinions in this case." Pl.'s Mot. Remand and Supp. Brief 15, ECF No. 20. These were overt misstatements at worst, and critical oversights at best. Assuming the best, the Court cannot reasonably award such an extraordinary fee for brief writing when the hours claimed do not, at the very least, evince a cognizance of critical facts. Here, that awareness was lacking and the Court would be remiss in its responsibility to the taxpayers if it granted the fees requested. Instead, the Court will strike the entries of May 15, 2017, and May 16, 2017, which request compensation for 3.0 and 2.0 hours for "reply brief research and writing." *See* Pl.'s Mot. 3. These entries are duplicative both with each other and with numerous other entries in counsel's Declaration, and clearly did not assist counsel in marshaling command of the facts in her case. Therefore, the Court will reduce counsel's fee request an additional 5.0 hours.

### C. Costs

Counsel also requests reimbursement for costs in the amount of $413.61, representing $400.00 for this case's filing fee and $13.61 for postage related to service. While filing fees are

8

recoverable, the Tenth Circuit has expressly held that postage fees are not. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986) ("Costs for travel expenses and postage fees are not authorized [under EAJA]."). Therefore, the Court will order that counsel be awarded $400.00 in costs pursuant to 28 U.S.C. § 1920 (2012).

## III. CONCLUSION

Having reviewed the parties' briefing and applicable case law, the Court finds that Plaintiff's Motion [ECF No. 27] should be **GRANTED IN PART AND DENIED IN PART** and therefore orders that EAJA fees be awarded for a total of 47.5 hours. Of these, 44 hours shall be payable at the 2017-18 rate of $197 per hour, and 3 shall be payable at the 2016 rate of $192 per hour. The Court further orders that Plaintiff be awarded $400.00 for costs.

**IT IS THEREFORE ORDERED** that Plaintiff Lorynn Serna is authorized to receive **$9,644.00** ($9,244.00 in attorney fees and $400.00 in filing fees) for payment to his attorneys for services before this Court, as permitted by the Equal Access to Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).

**IT IS FURTHER ORDERED** that if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, counsel shall refund the smaller award to Plaintiff pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee") (internal quotation marks omitted).

**IT IS SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE