UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

LORYNN D. SERNA,

    Plaintiff,

v.                                                                                                                                                                                 Civ. No. 16-1176 GJF

ANDREW SAUL, *Commissioner of*
*Social Security*,[1]

## ORDER GRANTING § 406(b) ATTORNEY FEES

THIS MATTER is before the Court on "Plaintiff's Request for Attorney Fee Determination of Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum" [ECF 31] ("Motion").[2] For the reasons stated below, the Court will **GRANT** Plaintiff's Motion.

**I. BACKGROUND**

In November 2017, this Court granted Plaintiff's "Motion to Reverse and Remand," which caused "the Commissioner's final decision [to be] reversed" and Plaintiff's cause to be "remanded for further review." ECF 25 at 19. In May 2019, the Administrative Law Judge issued a final decision in favor of Plaintiff, awarding Plaintiff past-due benefits of $132,372.50. Mot. 1, 9-11. In January 2020, and pursuant to 42 U.S.C. § 406(a), the Social Security Administration issued an order authorizing Plaintiff's counsel to receive $8,468.46 from these benefits for the legal services that she rendered before the Administration. Mot. 2, 20-22. Shortly thereafter, Plaintiff's counsel filed the instant Motion pursuant to § 406(b), asking the Court to approve "reasonable attorney's

---

[1] On June 17, 2019, Andrew Saul was sworn in as Commissioner of Social Security. Consequently, Mr. Saul has been "automatically substituted as a party." FED R. CIV. P. 25(d). Furthermore, because "[l]ater proceedings should be in [his] name," the Court has changed the caption of this case accordingly. *Id.*; *see also* 42 U.S.C. § 405(g) (stating that such an action "survive[s] notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office").

[2] *See also* ECF 32 (Commissioner responding that "[it] is not a party to § 406(b) fee awards" and thus "takes no position in this case").

fees" of $20,000 for legal services that she rendered before this Court, also payable from Plaintiff's past-due benefits. Mot. 1, 3. Plaintiff counsel has affirmed that, if the Court authorizes such attorney's fees, she is required transfer to Plaintiff a separate Equal Access to Justice Act ("EAJA") fee of $9,644.00, which the Court previously awarded to Plaintiff and which was paid from the Administration's funds. Mot. 2; *see* ECF 30 (order granting EAJA fees).

In support of this Motion, Plaintiff's counsel has stated the following regarding her experience and expertise in Social Security practice:

> [She] primarily limits her practice to representing disabled clients before the Social Security Administration and the United States District Court and before the Ninth and Tenth Circuits . . . . She has trained lawyers in Social Security practice in programs sponsored by the State Bar of New Mexico, the National Organization of Social Security representatives, and the National Business Institute. Additionally[,] she has provided private seminars for New Mexico lawyers wishing to learn this area of the law, free of charge. She is a sustaining member of the National Organization of Social Security Representatives and the New Mexico Trial Lawyers Association. She . . . has practiced law in New Mexico since 1977.

Mot. 2-3. Furthermore, Plaintiff's counsel provided the Court with a copy of the contingency fee agreement and a "Declaration of Time," certifying that she expended 62.5 hours providing various legal services in representing her client before his Court. Mot. 2, 15-19.[3]

## II. LEGAL STANDARD

"Federal law regulates the fees that attorneys may charge Social Security claimants for representation before [1] the Social Security Administration and [2] a reviewing court." *Culbertson v. Berryhill*, 139 S. Ct. 517, 519 (2019) (citations omitted). Specifically, "[42 U.S.C.] § 406(a) governs fees for representation in administrative proceedings [and] § 406(b) controls fees for representation in court." *Id.* at 520 (quoting *Gisbrecht v. Barnhart*, 535 U. S. 789, 794 (2002)); *see also McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006) (noting that "each authority sets

---

[3] She also states that 5.05 of these hours were "hours of . . . clerical service" and that a reasonable rate for such services is $20 per hour. *Id.*; *see also* ECF 30 at 9 (the Court previously approving only 47.5 of the claimed 62.5 hours).

fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court").

Under § 406(b), "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable fee" for the attorney who represented that claimant before the court, provided that the fee is "not in excess of 25 percent of the total of the past-due benefits" resulting from the judgment. § 406(b)(1)(A); *see also Culbertson*, 139 S. Ct. at 523 (holding that "the 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)"); *Gisbrecht*, 535 U. S. at 807 (observing that "[w]ithin the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered").

The Supreme Court has held "§ 406(b) does not displace contingent-fee agreements," noting that such agreements are "the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id.* Instead, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* And the reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id.* at 808 (citations omitted). In making such a determination, a court may therefore consider factors such as (1) whether the "representation [was] substandard," (2) whether "the attorney [was] responsible for any delay," and (3) whether "the benefits are large in comparison to the amount of time counsel spent on the case," for example by amounting to a "windfalls for lawyers" *Id.* (quotation marks and citations omitted). Because "district courts are accustomed to making reasonableness determinations in a wide variety of contexts, . . . their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review." *Id.*

Finally, under a separate statute, the EAJA, 28 U.S.C. § 2412, "a successful Social Security benefits claimant[] may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'" *Gisbrecht*, 535 U.S. at 796 (quoting 28 U.S.C. § 2412(d)(1)(A)).[4] "Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee." *Id.* (quotation marks and citation omitted).

## III. ANALYSIS

In performing its "independent check" of the fee arrangement pursuant to 42 U.S.C. § 406(b), the Court finds that Plaintiff's counsel has "show[n] that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U. S. at 807. First, the proposed fee of $20,000 is approximately 15 percent of the past-due benefits—an amount that is well below "the 25 percent boundary." *Id.* Second, the Court is aware of no evidence indicating that counsel's representation was "substandard" or that counsel was responsible for any unwarranted delay. *Id.* at 808. Third, although this fee translates into an hourly rate of between $320 and $420, such an hourly fee rate is not the determining factor—as the Supreme Court explicitly rejected the "lodestar method" for calculating such fees, under which "the number of hours reasonably devoted to each case was multiplied by a reasonable hourly fee." *Id.* at 797-98.[5] Instead, the question is whether the "fee sought is reasonable for the services rendered." *Id.* at 807. Consequently, this Court finds that a $20,000 fee for at least 47.5 hours of highly professional representation—which resulted in an

---

[4] *See also McGraw*, 450 F.3d at 497 (noting that "EAJA fees and fees available under § 406 are two different kinds of fees that must be separately awarded" and that "[f]ees under § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits, while fees under the EAJA penalize the [Commissioner] for assuming an unjustified legal position and, accordingly, are paid out of agency funds" (quotation marks and citation omitted) (brackets in original)).

[5] *See* ECF 30 at 9 (Court previously approving only 47.5 of the claimed 62.5 hours—resulting in the higher hourly rate estimate of $420); Mot. at 5 (citing three social security cases from this District in which attorneys with similar experience received fees that amounted to an hourly rate of between $400 and $650).

overall award of $132,372.50 in past-due benefits and which was based on a contingency agreement (and the significant risks it presented to counsel)—is reasonable and not so "large in comparison to the amount of time counsel spent on the case [such that] a downward adjustment is . . . in order." *Id.* at 808.

Finally, because Plaintiff's counsel will have secured both EAJA and § 406(b) fees, she must "refund to the claimant the amount of the smaller fee," which in this case is the EAJA fee of $9,644. *Id.* at 796.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion is **GRANTED**. Plaintiff's counsel is thus authorized attorney fees under 42 U.S.C. § 406(b) in the amount of $20,000.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall directly refund to Plaintiff the $9,644 in EAJA fees.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*